1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES OF AMERICA,                    CASE NO. 12cr3885-LAB-7 and
                                                12cv3075-LAB
12 |                          Plaintiff,
                                                **ORDER DENYING MOTION TO**
13 |     vs.                                    **VACATE SENTENCE PURSUANT**
                                                **TO 28 U.S.C. § 2255**
   | JESUS BELTRAN-ZUNIGA,
14 |
   |                          Defendant.
15 |

16

17        Jesus Beltran-Zuniga pleaded guilty to one count of conspiracy to import marijuana

18  and aiding and abetting.  Pursuant to his plea agreement, both Beltran-Zuniga's counsel and

19  the government recommended a guideline range of 30 to 37 months, and his counsel

20  requested the low-end sentence of 30 months.  (See Docket nos. 58 (Plea Agreement), 98

21  (government's sentencing summary chart), 107 (Beltran-Zuniga's sentencing summary

22  chart).)  The Court sentenced him to 37 months' imprisonment followed by supervised

23  release. (Docket no. 123 (Judgment).)  Under his plea agreement, Beltran-Zuniga waived

24  appeal and collateral attack unless the Court both denied him the recommended minor role

25  adjustment and also sentenced him to a custodial term higher than high end of the

26  agreed-upon recommended guideline range. (Plea Agreement at 8:11–22.)  Since Beltran-

27  Zuniga was sentenced within that range, he has waived collateral attack.

28  / / /

1   Ignoring the fact that he had waived collateral attack, Beltran-Zuniga filed a motion

2  to vacate his sentence, pursuant to 28 U.S.C. § 2255. The motion is a boilerplate pleading

3  that has been photocopied so many times it has become nearly illegible and some sections

4  have to be hand-written in. This pleading has apparently been circulating among prisoners,

5  and its arguments have consistently and repeatedly been denied as meritless by this Court

6  and other courts. *See, e.g., Patterson-Romo v. United States*, 2012 WL 2060872 (S.D.Cal.,

7  June 7, 2012) (Gonzalez, J.); *United States v. Beltran-Palafox*, 2012 WL 899262 at *2 and

8  n.14 (D.Kan., Mar. 16, 2012); *Aguilar-Marroquin v. United States*, 2011 WL 1344251

9  (S.D.Cal., Apr. 8, 2011) (Huff, J.); *Rendon-Inzunza v. United States*, 2010 WL 3076271

10  (S.D.Cal., Aug. 6, 2010) (Burns, J.).

11   Even if Beltran-Zuniga had not waived collateral attack, his motion would fail on the

12  merits.  The motion is **DENIED**.

13

14   **IT IS SO ORDERED**.

15  DATED:  January 14, 2013

16

17  **HONORABLE LARRY ALAN BURNS**
United States District Judge

18

19

20

21

22

23

24

25

26

27

28